Southeast Delco School District, Plaintiff, *v.* Milton Shapp, Governor of the Commonwealth of Pennsylvania; Robert P. Kane, Secretary of Revenue of the Commonwealth of Pennsylvania; Robert P. Casey, Auditor General of the Commonwealth of Pennsylvania; and Grace M. Sloan, State Treasurer of the Commonwealth of Pennsylvania, Defendants.

Argued March 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Peter J. Nolan,* for plaintiff.

*Melvin R. Shuster,* Deputy Attorney General, with him *Gerald Gornish,* Deputy Attorney General, *Robert P. Kane,* Attorney General, *Craig R. Burgraff,* Deputy Counsel, and *Frank P. Lawley,* Chief Counsel, for defendants.

OPINION BY JUDGE KRAMER, April 21, 1975:

This matter comes within the original jurisdiction of this Court. It involves preliminary objections to a complaint in equity filed by the Southeast Delco School District (Delco), on behalf of itself and all local taxing authorities, similarly situated within the Commonwealth, against Milton Shapp, Governor of the Commonwealth of Pennsylvania; Robert P. Kane, Secretary of Revenue of the Commonwealth of Pennsylvania; Robert P. Casey, Auditor General of the Commonwealth of Pennsylvania; and Grace M. Sloan, State Treasurer of the Commonwealth of Pennsylvania (defendants). The complaint alleges that the defendants by and through their various agents, servants, agencies and employes, collected approximately $163,000,000 from 1970 to 1974, inclusive, pursuant to the Public Utility Realty Tax Act (PURTA), Act of March 10, 1970, P.L. 168, *as amended,* 72 P.S. §3271 et seq., but that the defendants have failed to

distribute to Delco, or any member of Delco's class, approximately $80,000,000 of the PURTA funds. The complaint alleges that the failure to distribute the $80,000,000 violates the special direction of Article VIII, Section 4 of the Pennsylvania Constitution of 1968. Delco's complaint includes the following allegation:

"14. The purposes of PURTA were, to attempt to implement Article VIII Section 4 of the Constitution, to impose a special tax upon realty of public utilities, to provide for the distribution of this special tax money, by the Commonwealth, to local taxing authorities *in an amount equal to the taxes that each local taxing authority would have received had the realty of public utilities been taxed directly by the local taxing authority,* to impose certain duties upon certain public officials in order to carry out the provisions of the Act." (Emphasis added).

Delco requests, among other things, that this Court enjoin the defendants from commingling the above-mentioned $80,000,000 with any other funds of the Commonwealth, and from using the $80,000,000 for any purpose other than distribution to the local taxing authorities.

The defendants have filed preliminary objections to Delco's complaint. The first of these objections is a demurrer which reads as follows:

"Plaintiff [Delco] and members of plaintiff's class received their full constitutional distributive share of the tax monies collected under the Public Utility Realty Tax Act (PURTA) for the years 1971 through 1974, inclusive, inasmuch as they are only entitled to their share of the total realty tax equivalent as prescribed by the formula in §7(b) of PURTA, [72 PS. §3277 (Supp. 1974-1975)], and the Commonwealth is entitled to retain any excess monies."

The defendants also raise preliminary objections of sovereign immunity, laches and jurisdiction, but, in their brief to this Court, the defendants recognize that we

rejected these same preliminary objections in a prior case dealing with PURTA, *Townships of Springdale and Wilkins v. Kane*, 11 Pa. Commonwealth Ct. 254, 312 A. 2d 611 (1973), and, therefore the defendants rely primarily upon their demurrer.

Delco contends that the defendants' demurrer is defective because it raises the factual issue of whether or not Delco, and members of Delco's class, have received their full constitutional share of the PURTA tax monies. This factual issue need not be resolved, however, because the defendants' demurrer also points out that the legal basis of Delco's complaint has no merit.

It is clear that the intent of Article VIII Section 4 of the Pennsylvania Constitution of 1968[1] was to provide

---

1. Article VIII, Section 4, reads as follows:

"The real property of public utilities is subject to real estate taxes imposed by local taxing authorities. Payment to the Commonwealth of gross receipts taxes or other special taxes in replacement of gross receipts taxes by a public utility and the distribution by the Commonwealth to the local taxing authorities of the amount as herein provided shall, however, be in lieu of local taxes upon its real property which is used or useful in furnishing its public utility service. The amount raised annually by such gross receipts or other special taxes shall not be less than the gross amount of real estate taxes which the local taxing authorities could have imposed upon such property but for the exemption herein provided. This gross amount shall be determined by the manner provided by law. An amount equivalent to such real estate taxes shall be distributed annually among all local taxing authorities in the proportion which the total tax receipts of each local taxing authority bear to the total tax receipts of all local taxing authorities, or in such other equitable proportions as may be provided by law.

"Notwithstanding the provisions of this section, any law which presently subjects real property of public utilities to local real estate taxation by local taxing authorities shall remain in full force and effect.

SCHEDULE

"Section four shall take effect July 1, 1970, unless the General Assembly earlier provides enabling legislation in accordance therewith."

local taxing authorities with increased revenues through a scheme of distribution based upon the tax equivalent of the local realty taxes which could be applied to the real estate of public utilities but for the exemption provided for in the second sentence of Article VIII, Section 4. It is equally clear that the real estate tax equivalent was to be distributed upon some equitable basis whereby one local taxing authority, where public utility realty was located, would not receive a windfall of additional tax revenues to the detriment of other local taxing authorities, which might use the services rendered by the utility but which do not contain any substantial public utility real estate. *See Duquesne Light Company v. Board of Property Assessment, Appeals and Review of Allegheny County*, 10 Pa. Commonwealth Ct. 41, 49, 299 A. 2d 660, 664 (1973); *Heller v. Depuy*, 2 Pa. Commonwealth Ct. 196, 204, 277 A. 2d 849, 854-55 (1971). Delco's contention that each local taxing authority is entitled to a share of the PURTA monies equal to the amount that it would have received if it had directly taxed the realty of public utilities, is contrary to the clear intent of both Article VIII, Section 4 and PURTA.

Delco's contention that the defendants have violated Article VIII, Section 4 by retaining approximately $80,000,000 of PURTA funds (over the amount distributed under PURTA) and commingling said funds with other Commonwealth funds, is also without merit. This Court has specifically rejected that argument in previous cases dealing with PURTA. We have held that Article VIII, Section 4 does not prevent the Commonwealth from raising more than the local real estate tax equivalent through the gross receipts tax and PURTA. So long as the equivalent is raised and distributed, the Commonwealth may retain any excess for other state purposes. *See School Districts of Deer Lakes and Allegheny Valley v. Kane*, 11 Pa. Commonwealth Ct. 254, 269-270, 312 A. 2d 611, 620 (1973) and *Heller v. Depuy, supra*, 2 Pa. Commonwealth Ct. 217-18, 277 A. 2d at 862.

In summary we conclude that the defendants' demurrer must be sustained because it is clear, as a matter of law, that Delco, and members of Delco's class are only entitled to their share of the total realty tax equivalent as prescribed by the formula in section 7(b) of PURTA, 72 P.S. §3277(b) (Supp. 1974-1975), and that the Commonwealth is entitled to retain any excess PURTA funds.[2] We therefore

ORDER

AND NOW, this 21st day of April, 1975, the preliminary objections of Milton Shapp, Governor of the Commonwealth of Pennsylvania; Robert P. Kane, Secretary of Revenue of the Commonwealth of Pennsylvania; Robert P. Casey, Auditor General of the Commonwealth of Pennsylvania, and Grace M. Sloan, State Treasurer of the Commonwealth of Pennsylvania, are sustained and the complaint filed by the Southeast Delco School District is hereby dismissed.

---

2. We note in passing that whatever rights Delco may have in PURTA funds collected during 1970 are fully protected by a class action pending before this Court, the Townships of Springdale and Wilkins v. Kane, et al., at No. 341 C. D. 1973.